Nemesio M. AMARILLE, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3269.

United States Court of Appeals, Federal Circuit.

Nov. 9, 2001.

Rehearing Denied Feb. 25, 2002.

**932**

Before RADER, SCHALL, and BRYSON, Circuit Judges.

---

## DECISION

SCHALL, Circuit Judge.

Nemesio M. Amarille petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. *Amarille v. Office of Personnel Management*, 88 M.S.P.R. 302 We *affirm.*

## DISCUSSION

### I.

In 1994, Mr. Amarille, a former civilian employee of the Department of the Navy in the Philippines, sought review of a reconsideration decision of the Office of Personnel Management ("OPM") ruling that he was not entitled to a retirement annuity under the Civil Service Retirement System ("CSRS"). His appeal to the Board was denied, *Amarille v. Office of Personnel Management*, 63 M.S.P.R. 699 (1994) (Table), and his subsequent appeal to this court was dismissed. *Amarille v. Office of Personnel Management*, 47 F.3d 1182 (Fed.Cir.1995) (Table). Thereafter, on three separate occasions, Mr. Amarille's claim for a retirement annuity was rejected. *See Amarille v. Office of Personnel Management*, 68 M.S.P.R. 424 (1995), *aff'd*, 78 F.3d 605 (Fed.Cir.1996) (Table), *cert. denied*, 518 U.S. 1010, 116 S.Ct. 2534, 135 L.Ed.2d 1057 (1996); *Amarille v. Office of Personnel Management*, 76 M.S.P.R. 182 (1997), *dismissed*, 243 F.3d

554 (Fed.Cir.2000), *cert. denied*, 531 U.S. 1165, 121 S.Ct. 1156, 148 L.Ed.2d 992 (2001); *Fabros v. Office of Personnel Management*, 85 M.S.P.R. 400 (2000) (a consolidated request for review).

Meanwhile, Mr. Amarille filed a purported whistleblower claim with the Office of Special Counsel ("OSC"), alleging that the OPM's failure to reopen his claim for a retirement annuity was in violation of the Whistleblower Protection Act ("WPA"). After OSC failed to take action in his case, Mr. Amarille filed an IRA appeal with the Board.

In an initial decision dated September 25, 2001, the administrative judge ("AJ") hearing Mr. Amarille's appeal held that the Board lacked jurisdiction. He did so after ruling that because Mr. Amarille was not an employee or applicant for employment, he could not assert that he had made a protected disclosure under the WPA or that he had suffered retaliation through a subsequent personnel action. *Amarille*, slip. op. at 4.

The decision of the AJ became the final decision of the Board when the Board denied Mr. Amarille's petition for review. This appeal followed.

### II.

█ The decision of the Board may be reversed by this court only if it is found to be either "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir.1995). The question of the Board's jurisdiction is an issue of law that we review *de novo*. *Diefenderfer v. Merit Sys. Prot. Bd.*, 194 F.3d 1275, 1277 (Fed.Cir.1999)

The Board has jurisdiction over an IRA appeal when the appellant has established that "(1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2301(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't. of Veterans Affairs,* 242 F.3d 1367, 1371 (Fed. Cir.2001). In addition, the appellant must have exhausted administrative remedies before the OSC before appealing to the Board. *Id.*

The AJ correctly held that the Board did not have jurisdiction in this case because, at the relevant time, Mr. Amarille was neither an employee of the federal government nor an applicant for employment. The AJ stated:

. The statute defines a protected disclosure as any disclosure of information by an "employee or applicant for employment".... Since the appellant was neither an employee nor an applicant for employment, I find that he did not make a protected disclosure and that the agency did not take or withhold a covered personnel action with respect to him.

*Amarille,* slip. op. at 4. Section 2302(a) defines a personnel action as a number of designated actions taken "with respect to *an employee in,* or applicant for, *a covered position* in an agency...." 5 U.S.C. § 2302(a)(2)(A). Mr. Amarille is not now, nor was he at the time of his purported "disclosure," "an employee in a covered position." Section 2302 plainly contemplates an individual presently employed in or applying for a government position. The "personnel actions" set forth in § 2302(a) could only be taken with respect to an individual working for the government. Thus, section 2302(a)(2)(A) states that " 'personnel action' means—(i) an appointment; (ii) a promotion; (iii) [disciplinary or corrective action]; (iv) a detail, transfer, or reassignment," as well as certain other actions that could be taken with respect to an individual employed by the government. Because Mr. Amarille is a former employee and is not an applicant for employment with the government, it is not possible for him to be subject to a "personnel action" within the meaning of the WPA.[1]

For the foregoing reasons, the final decision of the Board dismissing Mr. Amarille's appeal for lack of jurisdiction is affirmed.

---

1. The various statutory provisions to which Mr. Amarille points in support of his argument that the Board did have jurisdiction in his case are inapposite because they do not bear on the question of Board jurisdiction over an IRA, which is what is at issue in this case.