**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 37**

Docket No. DC-1221-14-0364-W-1

**Mark Abernathy,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

November 15, 2022

Mark Abernathy, Hermitage, Tennessee, pro se.

Tracy A. Allred, APO, AE, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1      The appellant has petitioned for review of an initial decision that dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  The agency has cross-petitioned for review.  For the reasons that follow, we GRANT the appellant's petition for review, DENY the agency's cross petition for review, VACATE the initial decision, and REMAND the appeal for further adjudication consistent with this Opinion and Order.

BACKGROUND

¶2 The appellant worked for the agency as a contractor. Initial Appeal File (IAF), Tab 1 at 15. In August 2012, he filed a complaint with the agency's Office of Inspector General (OIG) alleging that agency officials had misappropriated funds. IAF, Tab 6 at 3. Later in 2012, he learned that he was not being selected for a position with the agency.[1] IAF, Tab 1 at 15. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that his nonselection was in reprisal for his protected disclosure to OIG.[2] *Id.* at 11-24. After OSC informed the appellant of the results of its investigation he filed this IRA appeal. IAF, Tab 1 at 1-5, 25-27.

¶3 In response to a show cause order issued by the administrative judge, the agency argued that the Board lacks jurisdiction over the appeal. IAF, Tab 10. The agency argued that the appellant's disclosure was not protected under 5 U.S.C. § 2302(b)(8) because he was neither an employee, nor an applicant, at the time he made it. IAF, Tab 10 at 6. The agency also argued that the failure to refer the appellant to the selecting official for the position in question was not a "personnel action" that could form the basis of an IRA appeal. *Id.* at 7.

¶4 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). She rejected the agency's argument regarding the nonreferral to the selecting official, finding that the appellant had alleged a failure to appoint him, which is a personnel action

---

[1] Both the agency and the administrative judge stated that the open period for this vacancy announcement was in September 2014. IAF, Tab 10 at 6, Tab 11, Initial Decision at 3. However, this was a typographical error. The vacancy announcement reflects that it was actually open in September 2012. IAF, Tab 10 at 11.

[2] The appellant indicated in his initial appeal that he filed his OSC complaint in April 2013, IAF, Tab 1 at 5, but it appears that he actually filed it in December 2012, *see id.* at 21-22 (OSC complaint form dated December 12, 2012), or January 2013, *see id.* at 25 (OSC letter indicating that the complaint was received on January 3, 2013). Nonetheless, the exact filing date has no bearing on our decision.

under [5 U.S.C. § 2302](a).  ID at 5-6.  However, she agreed with the agency that the appellant's disclosure to OIG was not protected because he was not an employee or applicant at the time he made it.  ID at 6.

¶5    The appellant has filed a timely petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  He argues that the administrative judge's interpretation of the statutory language, under which an individual must be an employee or applicant at the time of his disclosure to qualify for protection against reprisal, greatly limits the protections available to applicants.  *Id.* at 4.  The agency has responded in opposition to the petition for review.  PFR File, Tab 3.  The agency has also cross-petitioned for review, arguing that the administrative judge erred in finding that the appellant alleged a covered personnel action.  *Id.* at 6.

¶6    After the close of the record on review, the Board invited interested parties to submit amicus briefs addressing whether disclosures made when an individual is neither a Federal employee, nor an applicant for Federal employment, are protected under the Whistleblower Protection Act of 1989 (WPA), Pub. L. No. 101-12, 103 Stat. 16, and the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465.  Notice of Opportunity to File Amicus Briefs, 81 Fed. Reg. 2913 (Jan. 19, 2016); PFR File, Tab 6.  Four individuals and entities, including OSC, have filed briefs in response.  PFR File, Tabs 7-10.[3]  OSC subsequently requested and received permission to file an additional pleading.  PFR File, Tabs 12, 14.  In its additional pleading, OSC argues that a provision of the National Defense Authorization Act for Fiscal Year 2018 (2018 NDAA), Pub. L. No. 115-91, 131 Stat. 1283, resolved the question on which the Board invited amicus briefs by specifically providing that a disclosure made before an individual was appointed to a position or applied for

---

[3] Amicus briefs were received from OSC, the National Employment Lawyers Association, Walsh & Son, LLP, and Peter Broida.

appointment may be protected.  PFR File, Tab 15.  The Board gave the parties an opportunity to respond to OSC's additional pleading, PFR File, Tab 14, but neither party did so.

## ANALYSIS

¶7      To establish the Board's jurisdiction over this IRA appeal, the appellant must have exhausted his administrative remedies before OSC and make nonfrivolous allegations that:  (1) he made a disclosure protected under 5 U.S.C. § 2302(b)(8); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).[4] There is no dispute that the appellant exhausted his administrative remedies before OSC.  IAF, Tab 1 at 11-27.  For the reasons set forth below, we find that the appellant has also made the required nonfrivolous allegations to establish jurisdiction over his IRA appeal.

The appellant has nonfrivolously alleged that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).

¶8      At the time all of the material events in this matter occurred, 5 U.S.C. § 2302(b)(8) protected:

> (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—
>
> > (i) a violation of any law, rule, or regulation, or
> >
> > (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,

---

[4] All of the material events in this matter occurred before the expansion of IRA appeal rights in the WPEA took effect on December 27, 2012.  WPEA, Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476; *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 6 (2014).  Thus, in this case, we will apply the pre-WPEA standards concerning the scope of an IRA appeal.  *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 7 (2016); *Colbert*, 121 M.S.P.R. 677, ¶¶ 6-7.

if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs; or

(B) any disclosure to the Special Counsel, or to the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures, of information which the employee or applicant reasonably believes evidences—

(i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety[.]

5 U.S.C.A. § 2302(b)(8) (2008).[5] The question before us is whether, under that provision, the Board may have jurisdiction to consider the appellant's whistleblower reprisal claim even though he was not a Federal employee or applicant for employment at the time he made his disclosure.

¶9 In *Greenup v. Department of Agriculture*, 106 M.S.P.R. 202, ¶¶ 8-9 (2007), the Board found that it had jurisdiction over the appellant's claim that the agency failed to select her for a position in retaliation for disclosures she made when she was neither an employee nor an applicant. The Board in *Greenup* quoted the language of 5 U.S.C. § 2302(b)(8)(A), including the reference to a "disclosure of information by an employee or applicant," but nevertheless found that the statute does not specify that the disclosure must have been made when the individual seeking protection was either an employee or an applicant for employment. *Greenup*, 106 M.S.P.R. 202, ¶ 8. In *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 8-12 (2010), the Board again held that, at the time of

---

[5] The WPEA amended the definition at 5 U.S.C. § 2302(b)(8)(A)(i) by striking "a violation" and inserting "any violation," and it amended 5 U.S.C. § 2302(b)(8)(B)(i) by striking "a violation" and inserting "any violation (other than a violation of this section)." WPEA, Pub. L. No. 112-199, § 101(a)(1), 126 Stat. 1465. We find that these amendments do not change the result in this case. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 n.3 (2013).

making a disclosure, an individual need not be an employee or applicant for employment at the agency that took the alleged retaliatory action in order to qualify for protection under the WPA as a whistleblower. The Board cited its prior holding in *Greenup* in support of its holding in *Weed*. *Id.*, ¶ 12.

¶10    In this case, the Board requested amicus briefs addressing whether it should reconsider its precedent in light of an apparent conflict with three nonprecedential cases by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).[6] The amici unanimously urged the Board to follow its existing precedent. PFR File, Tab 7 at 2-3, Tab 8 at 7-16, Tab 9 at 4-6, Tab 10 at 22. Having considered the submissions of the parties and amici, we see no reason to overrule our precedent in *Greenup* and *Weed*. Under that precedent, the appellant's disclosures are not excluded from whistleblower protection simply because he was neither a Federal employee, nor an applicant for employment, when he made them. We stress that this holding is not limited to Federal contractors, but

---

[6] Specifically, the Board observed that *Greenup* and *Weed* appear to conflict with the Federal Circuit's decisions in *Nasuti v. Merit Systems Protection Board*, 376 F. App'x 29, 33-34 (Fed. Cir. 2010); *Guzman v. Office of Personnel Management*, 53 F. App'x 927, 929 (Fed. Cir. 2002); and *Amarille v. Office of Personnel Management*, 28 F. App'x 931, 933 (Fed. Cir. 2001). However, nonprecedential decisions of the Federal Circuit are not binding on the Board. *Weed v. Social Security Administration*, 110 M.S.P.R. 468, ¶ 11 (2009). Further, under 5 U.S.C. § 7703(b)(1)(B):

> A petition to review a final order or final decision of the Board that raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or (b)(9)(A)(i), (B), (C), or (D) shall be filed in the [Federal Circuit] or any court of appeals of competent jurisdiction.

Thus, it is possible that the Board's decision in such a case would be reviewed not by the Federal Circuit, but instead by a different court of appeals. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 n.6.

applies to any individual who makes a whistleblowing disclosure at any time before becoming a Federal employee or applicant for employment.[7]

¶11  In its additional pleading, OSC argues that a provision in the NDAA for Fiscal Year 2018 (2018 NDAA), Pub. L. No. 115-91, § 1097(c)(1)(B)(i)(III), 131 Stat. 1283, 1618 (2017), which went into effect after the close of the record on review, should be applied in this case.  PFR File, Tab 15.  That provision states that a disclosure shall not be excluded from protection under 5 U.S.C. § 2302(b)(8) because "the disclosure was made before the date on which the individual was appointed or applied for appointment to a position."  5 U.S.C. § 2302(f)(1)(F).  OSC argues that this provision clarifies existing law and should therefore be applied to all pending cases.  PFR File, Tab 15 at 2-3.

¶12  The new statutory language confirms the Board's interpretation of the prior statutory language, as set forth in *Greenup*, and therefore the result is the same

---

[7] Employees of contractors have additional whistleblower protections under 41 U.S.C. § 4712, which provides:

> An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a)(1).  The recourse for such a violation is to submit a complaint to the Inspector General of the relevant agency, who will either determine that the complaint does not warrant investigation or investigate the complaint and submit a report to the head of the agency.  42 U.S.C. § 4712(b)(1)-(2).  The head of the agency will then determine whether there is a sufficient basis to conclude that reprisal for whistleblowing took place, and issue an order denying or granting relief accordingly.  42 U.S.C. § 4712(c)(1).  Upon exhaustion of remedies with the head of the agency, the aggrieved employee may appeal the matter to Federal district court.  42 U.S.C. § 4712(c)(2).

regardless of whether we apply the new statutory language. Under both *Greenup* and the 2018 NDAA, the appellant's disclosure to OIG before he was an applicant for employment may be protected whistleblowing if it otherwise meets the requirements of 5 U.S.C. § 2302(b)(8). Therefore, we need not determine whether to apply this particular 2018 NDAA provision to this or any other pending cases.

¶13     At the jurisdictional stage, the appellant is burdened only with making a nonfrivolous allegation that he reasonably believed that his disclosure evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 8 (2013). The proper test for determining whether an individual had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the individual could reasonably conclude that the actions evidenced a violation of law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *See Schoenig*, 120 M.S.P.R. 318, ¶ 8. The appellant's disclosure to OIG involved the purchase of video equipment with funds designated for Overseas Contingency Operations (OCO). IAF, Tab 1 at 25, Tab 6 at 3. The appellant believed that the purchase violated acquisition regulations because the equipment was to be used for purposes other than OCO. IAF, Tab 6 at 3. We find that the appellant has nonfrivolously alleged that he reasonably believed he was disclosing a violation of a regulation. *See Kutty v. Department of Housing & Urban Development*, 96 M.S.P.R. 590, ¶¶ 7-11 (2004) (finding a nonfrivolous allegation of a protected disclosure when the appellant disclosed her belief that her supervisor had violated acquisition regulations).

The appellant has nonfrivolously alleged that his disclosure was a contributing factor in a personnel action.

¶14     On cross petition for review, the agency argues that its failure to refer the appellant to the selecting official in connection with the position for which he

applied is not a "personnel action" for purposes of the Board's IRA jurisdiction. PFR File, Tab 3 at 6. We disagree. An appointment is among the personnel actions specifically enumerated in the statute. 5 U.S.C. § 2302(a)(2)(A)(i). We agree with the administrative judge that the appellant has made a nonfrivolous allegation that the agency's failure to refer him to the selecting official constitutes the failure to appoint him for purposes of the Board's jurisdiction over his IRA appeal. ID at 5-6; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 6 (2012) (stating that an allegation of a failure to appoint is an allegation of a failure to take a personnel action).

¶15        To satisfy the contributing factor criterion at the jurisdictional stage in an IRA appeal, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mudd*, 120 M.S.P.R. 365, ¶ 10. One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* The Board has held that personnel actions occurring within 1 to 2 years after the protected disclosures are sufficient to meet the timing portion of the test. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 41. The knowledge portion of the knowledge-timing test can be met with allegations of either actual or constructive knowledge. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014). An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Dorney*, 117 M.S.P.R. 480, ¶ 11.

¶16 The appellant alleges that the Deputy Director, who was both one of the subjects of his disclosure and the selecting official for the position for which he had applied, informed the appellant in September 2012 that he was not going to select the appellant because he had become "too confrontational." IAF, Tab 6 at 3. This alleged conversation took place the month after the appellant made his disclosure to OIG. *Id.* The appellant alleges that he learned of his nonreferral 3 days later. *Id.* We find that the appellant's allegations are sufficient to meet the contributing factor criterion under the knowledge-timing test at the jurisdictional stage.

## ORDER

¶17 Having found that the appellant has met his jurisdictional burdens, we remand this case to the regional office for further adjudication[8] in accordance with this Opinion and Order. If the appellant establishes the elements of his claim by preponderant evidence, the Board will order corrective action unless the agency demonstrates by clear and convincing evidence that it would have taken

---

[8] The record reflects that the parties in this case are in Europe and the United States, and that the appellant did not request a hearing. The appellant, who is pro se, should be advised on remand that an in-person hearing is not required and that a hearing may be conducted by either video conferencing or by telephone. *See* 5 U.S.C. § 7701(a)(1); *Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶¶ 6-13 (2005).

the same personnel action[9] absent the disclosure.  *Weed*, [113 M.S.P.R. 221](#), ¶ 23.
The agency will have an opportunity to make that showing on remand.

FOR THE BOARD:

/s/
—————————————————————
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[9] It appears that the appellant also raised three other vacancy announcements for which he applied, and for which no selections were made, before OSC.  IAF, Tab 1 at 26.  It is not entirely clear from the appellant's submissions below whether he is attempting to raise those nonselections as additional personnel actions in this IRA appeal.  IAF, Tab 6.  On remand, the administrative judge should clarify whether the appellant is raising additional personnel actions in addition to the nonreferral discussed herein.