## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE JOHNSON,
          Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,
          Agency.

DOCKET NUMBERS
NY-1221-14-0389-W-1
NY-1221-16-0251-W-1

DATE: September 7, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Alan E. Wolin</u>, Esquire, Jericho, New York, for the appellant.

<u>Andrew Lipkind</u>, Esquire, Buffalo, New York, for the agency.

<u>Larry Zieff</u>, Esquire, Irving, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

AFFIRM the initial decision's determination that the appellant did not nonfrivolously allege a protected disclosure under 5 U.S.C. § 2302(b)(8), VACATE the remainder of the initial decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2  The appellant is employed as a GS-13 Special Agent with Immigration and Customs Enforcement. *Johnson v. Department of Homeland Security*, MSPB Docket No. NY-1221-16-0251-W-1, Initial Appeal File (0251 IAF), Tab 1 at 2, Tab 11 at 4. He began his career with the agency in 2008 and, for all periods relevant to these appeals, has been assigned to the Newark, New Jersey office. 0251 IAF, Tab 11 at 4.

¶3  On October 7, 2010, the appellant, through his attorney, disclosed to agency officials his belief that his current and former supervisors had engaged in "conduct against him which can only be construed as harassment." *Johnson v. Department of Homeland Security*, MSPB Docket No. NY-1221-11-0107-W-1, Initial Appeal File (0107 IAF), Tab 5 at 5-9. In November 2010, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that, in retaliation for the October 2010 disclosure, his current supervisor issued him a performance appraisal that "did not accurately reflect [his] true job performance." *Id.* at 44, 61.

¶4  After OSC closed its investigation, the appellant filed a February 2011 IRA appeal with the Board, raising the same issues he raised before OSC. *Id.* at 80, 82, 86; 0107 IAF, Tabs 1, 5, 20. The agency moved to dismiss the appeal for lack of jurisdiction, but the administrative judge denied that motion, finding that the appellant had made a nonfrivolous allegation that he made a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the decision to take a personnel action. 0107 IAF, Tab 10 at 1-12,

Tab 12 at 2-3. The administrative judge in that appeal scheduled a hearing, but the parties entered into a settlement agreement prior to the hearing. 0107 IAF, Tab 12 at 3, Tab 29. In a September 7, 2011 initial decision dismissing the appeal as settled, the administrative judge found, among other things, that the Board had jurisdiction over the appeal. 0107 IAF, Tab 30, Initial Decision. The initial decision became final on October 12, 2011, after neither party filed a petition for review. *Id.* at 4.

¶5    On May 6, 2014, the appellant filed another complaint with OSC, alleging that, in reprisal for his October 2010 disclosure, his November 2010 OSC complaint, and his February 2011 Board appeal, various agency officials took or failed to take various actions regarding his employment between February 2012 and April 2014, including denying his hardship transfer, making negative statements that tainted his Supervisory Promotional Assessment Panel, issuing him an unjustifiably negative mid-year review, not selecting him for a position, issuing him an undeservedly low rating on his performance appraisal, and denying him a cash award. *Johnson v. Department of Homeland Security*, MSPB Docket No. NY-1221-14-0389-W-1, Initial Appeal File (0389 IAF), Tab 9 at 20-34, 53. On September 17, 2014, after the OSC complaint had been pending for 120 days, the appellant filed an IRA appeal with the Board arguing the same issues raised in the OSC complaint. 0389 IAF, Tabs 1, 9, 10, 29. The appeal was assigned to a different administrative judge than the one who heard the appellant's 2011 Board appeal.

¶6    While the September 2014 IRA appeal was pending before the administrative judge, on November 20, 2015, the appellant filed another complaint with OSC alleging that, in reprisal for his disclosures, November 2010 and May 2014 OSC complaints, and February 2011 and September 2014 Board appeals, various agency officials took or failed to take various actions regarding his employment between April 2014 and October 2015, including assigning him to double duty functions, not providing him with sufficient time to complete an

assignment, issuing him an unjustifiably low rating on his performance appraisal, and denying him a cash award.[2]  0251 IAF, Tab 1 at 13-29.  On June 1, 2016, after the November 20, 2015 OSC complaint had been pending for 120 days, the appellant filed another IRA appeal with the Board, raising the same issues raised in the November 2015 OSC complaint.  0251 IAF, Tabs 1, 11.

¶7        The administrative judge joined the June 2016 IRA appeal and the September 2014 IRA appeal for adjudication and issued a September 30, 2016 initial decision.[3]  0251 IAF, Tab 6, Tab 21, Initial Decision (0251 ID).  The administrative judge first found that the joined appeals were not covered by the Whistleblower Protection Enhancement Act (WPEA), which took effect on December 27, 2012, because the appellant's alleged protected disclosure took place in October 2010.  0251 ID at 9-11.  The administrative judge then found that the law of the case doctrine did not prevent him from reexamining the previous administrative judge's jurisdictional ruling in the 2011 initial decision dismissing the appeal as settled and finding that the appellant failed to make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). 0251 ID at 12-21.  The administrative judge also found that, assuming that the appellant made a nonfrivolous allegation that he made a protected disclosure, he failed to make a nonfrivolous allegation that his actions were a contributing factor in a personnel action taken against him.  0251 ID at 21-25.  Thus, he found that the appellant failed to meet his burden to show that the Board has jurisdiction over these joined appeals, and he dismissed the appeals without holding the appellant's requested hearing.  0251 ID at 25-26; 0251 IAF, Tab 1 at 2; 0389 IAF, Tab 1 at 2.

---

[2] The appellant set forth a list of approximately 17 alleged personnel actions in his response to the administrative judge's jurisdictional order.  0251 IAF, Tab 11 at 19-23.

[3] For ease of reference, we will cite to the initial decision in MSPB Docket No. NY-1221-16-0251-W-1.

¶8    In his petition for review of the initial decision, the appellant argues that the administrative judge erred by disregarding the law of the case doctrine regarding the finding of jurisdiction in the 2011 appeal.  Petition for Review (PFR) File, Tab 1 at 8.  He also asserts that he made a nonfrivolous claim that he made protected disclosures under 5 U.S.C. § 2302(b)(8)(A) and (b)(8)(B), engaged in protected activities under 5 U.S.C. § 2302(b)(9), and that the retroactivity of the WPEA is not an issue in the appeal.  *Id.* at 7-9.  Finally, the appellant argues that the administrative judge erred in finding that he failed to make a nonfrivolous allegation that his protected disclosures or activities were a contributing factor in the contested personnel actions.  *Id.* at 10-15.  The agency has responded in opposition to the petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the appellant's October 2010 letter did not contain protected disclosures under 5 U.S.C. § 2302(b)(8).

¶9    As an initial matter, we discern no basis to disturb the administrative judge's finding that the appellant's October 2010 letter did not contain protected disclosures.  0251 ID at 12-21.  The allegations contained within the October 2010 letter consisted largely of the appellant's objections to his current and former supervisor's treatment of him, alleging, among other things, that they were overly critical of his performance, threatened to place him on a performance improvement plan, and demeaned and belittled him in front of others.  0107 IAF, Tab 5 at 5-9.  The administrative judge thoroughly addressed each of the allegations contained within the five-page letter, finding that the appellant failed to establish that he held a reasonable belief that the disclosures contained within the letter evidenced gross mismanagement, abuse of authority, or a violation of law, rule, or regulation. 0251 ID at 12-21.  After considering the appellant's arguments on review, we find that the administrative judge's findings are

well-reasoned and supported by the record.[4] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (explaining that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Contrary to the administrative judge's finding, these joined appeals are subject to the provisions of the WPEA.

¶10　　The administrative judge determined that, because the appellant's initial disclosure occurred prior to the effective date of the WPEA, that statute did not apply. 0251 ID at 9-11. Accordingly, he limited his analysis in the initial decision to whether the appellant made a nonfrivolous allegation that his October 2010 letter constituted a protected disclosure under 5 U.S.C. § 2302(b)(8), and did not address whether the appellant's OSC complaints or IRA appeals constituted protected activities under 5 U.S.C. § 2302(b)(9). 0251 ID at 9-21.

¶11　　As noted above, the WPEA became effective on December 27, 2012. WPEA, § 202, Pub. L. No. 112-199, 126 Stat. 1465, 1476 (2012). That statute extended the scope of the Board's jurisdiction over IRA appeals to include the prohibited personnel practices described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D), as amended by the WPEA. WPEA, § 101(b)(1)(A), 126 Stat. 1465, 1465; *see* 5 U.S.C. § 1221(a); *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 2 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). In

---

[4] As noted above, the administrative judge found that the law of the case doctrine did not preclude him from reexamining, in this IRA appeal, the earlier administrative judge's finding, in dismissing the prior IRA appeal as settled, that the appellant had made a nonfrivolous allegation of a protected disclosure. 0251 ID at 11-12. We agree. *See, e.g.*, *Pawn v. Department of Agriculture*, 90 M.S.P.R. 473, ¶ 15 (2001) (holding that, under the law of the case doctrine, a decision on an issue of law made at one stage of a proceeding becomes a binding precedent to be followed in successive stages of the same litigation).

determining whether the WPEA applies to an appeal, the Board has explained that the relevant consideration is whether the statutory provisions would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties concerning transactions already completed. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 31 (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994)), *aff'd*, No. 2022-1967 (Fed. Cir. July 7, 2023).

¶12     The relevant events in this appeal are the alleged retaliatory personnel actions taken by various agency officials. With one exception, those actions all occurred after the effective date of the WPEA.[5] The agency, therefore, knew of the parties' rights, liabilities, and duties under the WPEA when it took the personnel actions at issue here. Thus, contrary to the administrative judge's finding, we find that the WPEA should be applied in these joined appeals. *See Edwards*, 2022 MSPB 9, ¶ 31.

The appellant engaged in protected activities under 5 U.S.C. § 2302(b)(9).

¶13     Applying the WPEA to these appeals, the appellant establishes Board jurisdiction over his IRA appeal if he proves by preponderant evidence that he has exhausted his administrative remedies before OSC[6] and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a

---

[5] In his May 2014 OSC complaint and his September 14, 2014 Board appeal, the appellant alleged that the denial of his February 2012 request for a hardship transfer constituted a retaliatory personnel action. 0389 IAF, Tabs 1, 9, 10, 29. That purported action occurred prior to the effective date of the WPEA.

[6] To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into his allegations of whistleblowing reprisal. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. An appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. *Id.*

personnel action as defined by 5 U.S.C. § 2302(a). *Edwards*, 2022 MSPB 9, ¶ 8; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). As relevant here, section 2302(b)(9)(A)(i) includes as a protected activity "the exercise of any appeal, complaint, or grievance right . . . with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]," for example, a prior IRA appeal. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 10 (2016) (finding that an appellant's prior Board appeal, which included a whistleblower reprisal claim, constituted a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i)). Similarly, section 2302(b)(9)(C) states that an employee engages in protected activity when he discloses information to the agency's Office of the Inspector General or to OSC "in accordance with applicable provisions of law," regardless of the content of the disclosure. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8.

¶14      Accordingly, pursuant to section 2302(b)(9)(A)(i) and (b)(9)(C), we find that the appellant engaged in protected activities when he filed his November 2010 and May 2014 OSC complaints, and his February 2011 and September 2014 IRA appeals. The administrative judge, however, did not consider whether the appellant made a nonfrivolous allegation that his OSC complaints or IRA appeals were a contributing factor in the multiple actions raised by the appellant. 0251 ID at 21-25; 0251 IAF, Tab 11 at 19-23.

On remand, the administrative judge shall determine whether the appellant made a nonfrivolous allegation that his OSC complaints and prior IRA appeals were a contributing factor in the alleged personnel actions.

¶15      It is clear that, by filing his OSC complaints and IRA appeals, the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9). The administrative judge on remand shall determine whether the appellant made a nonfrivolous allegation that his OSC complaints and prior IRA appeals were a contributing

factor in the alleged personnel actions at issue.[7]  To satisfy the contributing factor criterion at the jurisdictional stage in an IRA appeal, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, the activity was one of the factors that tended to affect the personnel action in any way.  *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15.   One way to establish this criterion is the knowledge/timing test, in which the appellant may demonstrate that the official taking the personnel action knew of the activities and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activities were a contributing factor in the personnel action.  *Id.*  Personnel actions occurring within 1 to 2 years after the protected activities are sufficient to meet the timing portion of the test.  *Id.*

¶16     The knowledge portion of the knowledge/timing test can be met with allegations of either actual or constructive knowledge.  *Id.*  An appellant may establish an official's constructive knowledge of a protected activity by demonstrating that an individual with actual knowledge of the activity influenced the official accused of taking the retaliatory action.  *Id.*  Also, at the jurisdictional stage, the appellant may be able to establish the knowledge prong even if he did not specifically identify the agency official responsible for a personnel action.  *See Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373-76 (Fed. Cir. 2016) (finding that, given the contextual clues in the record, the appellant made a nonfrivolous allegation of contributing factor even though he did not specifically identify the agency officials who heard his disclosures); *see also Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶¶ 15-16 (2016) (finding that, at the jurisdictional stage of an IRA appeal, an appellant can meet his burden

---

[7]  The administrative judge should also consider whether the appellant made a nonfrivolous allegation that the various agency actions constitute covered personnel actions under 5 U.S.C. § 2302(a)(2)(A) (enumerating the personnel actions covered under the whistleblower protection statutes).

of proof regarding contributing factor without specifically identifying which management official was responsible for the reprisal).

¶17    Additionally, if an appellant fails to satisfy the knowledge/timing test, the administrative judge must consider whether the appellant can establish contributing factor by other means, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the official taking the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 15; *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 12 (2012).  Thus, to the extent that the knowledge/timing test is not met regarding any personnel action, the administrative judge should consider whether the appellant has established a nonfrivolous allegation of contributing factor by other means as set forth above.

¶18    If the administrative judge finds that the appellant nonfrivolously alleged that his OSC complaints or Board appeals were contributing factors in at least one personnel action, then the administrative judge shall conduct a hearing on the merits of the appellant's claims.[8]   In any event, the administrative judge shall issue a new initial decision that identifies all material issues of fact and law, summarizes the evidence, resolves issues of credibility, and includes conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests.  *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

---

[8] If the appellant proves by preponderant evidence that a protected activity was a contributing factor in a personnel action, the administrative judge shall order corrective action unless the agency proves by clear and convincing evidence that it would have taken the same actions absent the protected activity.  5 U.S.C. § 1221(e)(1)-(2).

**ORDER**

¶19    For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:            /s/ for

                         Jennifer Everling
                         Acting Clerk of the Board
Washington, D.C.