**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVIS W. CHENG,<br>        Appellant, | DOCKET NUMBER<br>CH-0432-21-0254-I-2 |
|         v. | |
| DEPARTMENT OF AGRICULTURE,<br>        Agency. | DATE: January 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Duke Isaacs, Atlanta, Georgia, for the appellant.

Bradly Siskind, Riverdale, Maryland, for the agency.

Sandy S. Francois, Kenner, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1        The agency has filed a petition for review of the initial decision, which reversed the appellant's removal from Federal service for unacceptable performance.  For the reasons discussed below, we DENY the petition for review.  Except as expressly MODIFIED to provide further analysis addressing the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

question of whether the appellant established that his whistleblowing disclosure was a contributing factor in his removal, we AFFIRM the initial decision.

¶2        On review, the agency argues that the administrative judge examined its charge under a preponderance of the evidence standard rather than the substantial evidence standard applicable to chapter 43 appeals.  Petition For Review (PFR) File, Tab 1 at 17, 24-25.  It also disagrees with the administrative judge's conclusion that its performance standards were invalid.  *Id.* at 7-16.

¶3        Regarding the agency's argument concerning the standard applied by the administrative judge to his review of the agency's charge, after reviewing the record, we are not persuaded.  PFR File, Tab 1 at 24-25.  The administrative judge properly cited to, and applied, the substantial evidence standard of review.  *Cheng v. Department of Agriculture*, MSPB Docket No. CH-0432-21-0254-I-2, Appeal File (I-2 AF), Tab 40, Initial Decision (ID) at 4-5.

¶4        As to the agency's argument regarding the validity of the performance standards applicable to the critical elements at issue, we agree with the administrative judge that the agency failed to meet its burden to prove that the standards were valid.[2]  To prove that a performance standard is valid, an agency must demonstrate that the standard permits, to the maximum extent feasible, the accurate evaluation of job performance on the basis of objective criteria related to the job in question.  *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 29 (2010).  Standards must be reasonable, realistic, attainable, and clearly stated in writing.  *Id.*  Provided those requirements are met, the Board will defer to managerial discretion in determining what agency employees must do in order to perform acceptably in their positions.  *Id.*

---

[2] The administrative judge found that the agency failed to demonstrate that either critical element one or two was valid, and the agency does not challenge the finding as to critical element one in its petition for review.  Accordingly, we decline to disturb the administrative judge's finding that the agency did not prove that the first critical element is valid.

¶5 Critical Element 2, titled "Monitors Plant and Processing Operations Results," includes several individual requirements, and we agree with the administrative judge that those requirements were vague and did not provide the appellant with a firm benchmark toward which to direct his performance. The agency correctly points out on review that it provided evidence of weekly meetings held with the appellant during the improvement period, at which specific errors and deficiencies in his performance were noted and he was offered guidance and instruction aimed at helping him comply with applicable rules and policies. PFR File, Tab 1 at 7-16; Initial Appeal File, Tab 7 at 22-28, Tab 12 at 9, 46-52. However, we agree with the administrative judge that there is insufficient evidence from which a reasonable person could conclude that the agency informed the appellant of the performance threshold he was required to meet in order to be considered Fully Successful on Critical Element 2. In other words, although the standards and the feedback provided by the agency described how the appellant was to perform specific tasks, neither "set forth a level of performance that []he was required to meet in order to be considered acceptable." *Bronfman v. General Services Administration*, 40 M.S.P.R. 184, 187 (1989), 40 M.S.P.R. 184, 187. Thus, we find that the agency did not prove by substantial evidence that the standard for Critical Element 2 was valid.

¶6 Regarding the appellant's whistleblower reprisal defense, the administrative judge found that the appellant proved that he made a protected disclosure in April 2019 to his former supervisor that the supervisor illegally took eggs from a plant for his personal consumption. ID at 22-23; I-2 AF, Tab 36 at 4. However, the administrative judge concluded that the appellant did not prove that his disclosure was a contributing factor in his removal. ID at 23-24. In so finding, the administrative judge relied on the appellant's failure to prove that anyone involved in the decision to remove him knew of his disclosure. ID at 24-25.

¶7 To prove that a disclosure was a contributing factor in a personnel action, the appellant need only demonstrate the fact of, or the content of, the disclosure

was one of the factors that tended to affect the personnel action in any way. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 43. One way to establish contributing factor is the knowledge/timing test. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 19. An appellant can satisfy the test by proving that the official taking the action had actual or constructive knowledge of the disclosure, and the action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See id.* (addressing proof of actual knowledge); *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15 (indicating that the knowledge portion of the knowledge/timing test can be met with allegations of either actual or constructive knowledge).

¶8 To the extent that the administrative judge concluded that the appellant failed to prove contributing factor because he did not demonstrate that his supervisor as of the time of his removal, or the officials who proposed and decided his removal, were aware of his disclosure, we modify this finding. A lack of actual knowledge by a single official is not dispositive to the issue of contributing factor. *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 20. Nonetheless, because the appellant only claimed that his former supervisor and a coworker were aware of his disclosure, we agree that the appellant did not prove actual or constructive knowledge on the part of the deciding official; therefore, he did not satisfy the knowledge prong of the knowledge/timing test. I-2 AF, Tab 36 at 4-5; *Karnes*, 2023 MSPB 12, ¶¶ 19-20 (explaining that an appellant can prove contributing factor by showing that an individual with actual or constructive knowledge of the protected disclosure influenced an official taking a personnel action).

¶9 However, the knowledge/timing test is not the only way to prove contributing factor. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The Board will also consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel

action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15. Here, the administrative judge concluded at the end of his analysis that the appellant failed "to offer any other evidence" to prove a causal connection between his disclosure and removal. ID at 25. We agree. To the extent he did not expressly consider whether the appellant proved contributing factor by means other than the knowledge/timing test, we do so here.

¶10 We find that, even though the agency was ultimately unable to meet its burden of proof before the Board, it had strong reasons to take the removal action, particularly in light of the potential serious consequences that poor egg sanitation could have for consumers. Further, the appellant's disclosure was not directed towards the proposing or deciding official. Finally, as noted above, there is no evidence that they knew of the disclosure, and thus there is no evidence that they had a desire or motive to retaliate against the appellant as a result of that disclosure. The parties have not challenged the administrative judge's determination that the appellant did not prove his whistleblower reprisal affirmative defense. Except as modified above, we affirm that finding.[3]

## ORDER

¶11 We ORDER the agency to cancel the removal and to retroactively restore the appellant, effective **March 4, 2021**.[4] *See Kerr v. National Endowment for the*

---

[3] Because we affirm the administrative judge's decision reversing the agency's action, we need not address whether the deciding official applied an incorrect standard of proof, and if so, whether the agency committed harmful procedural error.

[4] The agency has submitted evidence that the appellant declined the agency's offer to reinstate him to his former position in compliance with the interim relief order issued by the administrative judge because the appellant had returned to employment with the agency in a different position at the same grade level, effective May 23, 2021. PFR File, Tab 1 at 4-5, 28. The agency may take this fact into account in determining the appropriate amount of back pay and benefits owed to the appellant.

*Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter.  5 C.F.R. &sect 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Jennifer Everling*

FOR THE BOARD:        _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



| | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

<u>Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:</u>

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.