## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICAH PATTERSON, | DOCKET NUMBER |
| Appellant, | SF-1221-22-0263-W-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: April 24, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Micah Patterson, Springfield, Illinois, pro se.

Latriece Jones, Mobile, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this appeal to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In December 2020, the agency appointed the appellant to a competitive-service position as a GS-9 Agricultural Engineer in the agency's Natural Resources Conservation Service. Initial Appeal File (IAF), Tab 1 at 15-16, Tab 12 at 14. The agency terminated him in September 2021, prior to the completion of his probationary period, for alleged misconduct occurring between August and September 2021. IAF, Tab 1 at 7-8.

The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency subjected him to a hostile work environment and terminated him in reprisal for the following protected disclosures, most of which he made in September 2021: (1) the agency failed to obtain approval from the Office of Personnel Management (OPM) for its performance appraisal system; (2) the appellant's team leader, who was responsible for training the appellant, violated the Privacy Act of 1974 (the Privacy Act) by disclosing details of the appellant's performance appraisal in front of coworkers who did not have a need to know; (3) the team leader took incorrect measurements at a construction project, allowing the project to "pass"; and (4) inconsistencies between the "Worksheet for Determination of Hazards Classification and Job Class for Dams and Structures" and external requirements made it unclear whether the team leader had proper job approval authority. IAF, Tab 1 at 18-23, 29-30, 34, Tab 9 at 31-32. OSC closed its investigation and informed the appellant of his Board appeal rights. IAF, Tab 1 at 34-35.

The appellant timely filed this IRA appeal raising the same claims.[2] IAF, Tab 1 at 4, 19-23, Tab 7 at 4-9, 11-12, 14-23. The administrative judge issued an order informing the appellant of his burden to establish Board jurisdiction over his IRA appeal. IAF, Tab 3. In response, the appellant submitted a narrative statement detailing each disclosure along with his correspondence with, and additional information submitted to, OSC. IAF, Tab 7 at 4-55. The agency filed a motion to dismiss the appeal. IAF, Tab 12 at 5-13.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID) at 1-2, 14. She found that the appellant exhausted his administrative remedies with OSC, but that he failed to make a nonfrivolous allegation that his disclosures were protected under 5 U.S.C. § 2302(b)(8). ID at 7-13.

The appellant has filed a petition for review of the initial decision, and the agency has filed a response. Petition for Review (PFR) File, Tabs 3, 5. On review, the appellant disputes the merits of his termination and disagrees with the administrative judge's findings regarding his disclosures.[3] PFR File, Tab 3 at 9-30.

---

[2] This is the second appeal that the appellant has filed regarding his termination. The same administrative judge previously issued an initial decision dismissing his prior appeal for lack of jurisdiction. *Patterson v. Department of Agriculture*, MSPB Docket No. SF-315H-22-0049-I-1, Tab 9, Initial Decision (0049 ID) at 1, 7. She found that the appellant failed to establish jurisdiction over his termination as an otherwise appealable action or an IRA appeal. 0049 ID at 4-6. As relevant to the instant IRA appeal, she reasoned that the appellant's whistleblower reprisal claim was premature because he had not yet exhausted his OSC remedy. 0049 ID at 6. That decision became final after neither party filed a petition for review. 0049 ID at 7; *see* 5 C.F.R. § 1201.113 (stating that an initial decision generally will become the Board's final decision 35 days after issuance unless a party files a petition for review).

[3] The appellant also alleges for the first time on review that his second-level supervisor made fraudulent and defamatory statements related to the accuracy of the appellant's work. PFR File, Tab 3 at 30-31. The Board lacks jurisdiction over these tort law claims. *See Paul v. Department of Agriculture*, 66 M.S.P.R. 643, 650 (1995). Therefore, we decline to consider this argument on review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

To establish Board jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following:  (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[4]  5 U.S.C. §§ 1214(a)(3), 1221(a)-(b); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Specifically, protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  5 U.S.C. § 2302(b)(8); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 52. The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Pridgen*, 2022 MSPB 31, ¶ 52.

On review, the appellant challenges the administrative judge's findings regarding each of his alleged protected disclosures.  PFR File, Tab 3 at 8-16, 19,

---

[4] The administrative judge stated that, in determining whether disclosures are protected, the Board only reviews the appellant's characterization of the disclosures to OSC, not his later characterization of those statements.  ID at 8.  After the initial decision was issued in this case, the Board clarified the substantive requirements of exhaustion. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.  An appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC.  *Id.* (citing *Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001)).  However, regardless of the standard the administrative judge used, she determined that the appellant exhausted all of his alleged protected disclosures.  ID at 7 & n.5; IAF, Tab 7 at 4-10.  The parties do not dispute this finding and we discern no basis to disturb it.

21-25, 27-29. We agree with the administrative judge's findings as to the appellant's disclosures regarding the agency allegedly failing to obtain OPM approval of its performance appraisal system,[5] the team leader allegedly taking incorrect measurements at a construction project, and inconsistencies between the "Worksheet for Determination of Hazards Classification and Job Class for Dams and Structures" and external requirements. However, for the reasons set forth below, we find that the appellant has established jurisdiction over his claims arising out of his disclosure involving the Privacy Act.

<u>The appellant nonfrivolously alleged that his team leader violated the Privacy Act by criticizing the appellant within earshot of others.</u>

The administrative judge found that the appellant stated only a vague allegation of wrongdoing when he disclosed to his first-level supervisor that, in September 2021, his team leader "breach[ed his] confidentiality" by "heavily criticizing [the appellant] in terms of [his] 'Performance Appraisal' outside of confidence and with other employees present." ID at 10; IAF, Tab 9 at 32. On review, the appellant argues that he provided specific details regarding this disclosure. PFR File, Tab 3 at 19. We agree.

---

[5] On review, the appellant argues that he raised additional agency wrongdoing relating to the performance appraisal system with OSC. PFR File, Tab 3 at 10-15. In addition to referencing his correspondence with OSC in the record below, the appellant also attaches correspondence with OSC beginning in April 2022. We have considered the appellant's new evidence and argument to the extent they implicate the Board's jurisdiction, a matter that may be raised at any time during Board proceedings. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016). However, we find that the appellant's new evidence and argument do not establish jurisdiction. To the extent the appellant alleges that he made disclosures to OSC beginning in April 2022 regarding information he learned during the course of this appeal, that information could not have formed the basis of his belief that the agency had committed wrongdoing at the time he made his disclosures in September 2021. Similarly, although the appellant's December 27, 2021 correspondence to OSC constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C), that activity could not have been a contributing factor in his September 2021 termination. *See Orr v. Department of the Treasury*, 83 M.S.P.R. 117, ¶ 15 (1999) (observing that protected disclosures made after the agency took a personnel action could not have been a contributing factor in that personnel action).

In order to be protected, the appellant must have had a reasonable belief that he was disclosing a violation of law, rule, or regulation. *See* 5 U.S.C. § 2302(b)(8)(A); *Hupka v. Department of Defense*, 74 M.S.P.R. 406, 410 (1997). The appellant need not prove that the matter disclosed actually established one of the types of wrongdoing listed under section 2302(b)(8)(A); rather, he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *Hupka*, 74 M.S.P.R. at 410. The appellant, who is not a lawyer, may have reasonably believed that his team leader violated the Privacy Act by discussing his performance in a location where others could overhear. *See id.* (finding that an appellant, who was not a lawyer and whose duties did not require him to be familiar with the intricacies of the Privacy Act, reasonably believed that the agency violated the Privacy Act when it disclosed his medical information before he signed a medical release).

Here, the appellant's disclosure, in its entirety, alleged "a breach of confidentiality" by his team leader, who "was heavily criticizing [him] in terms of [his] 'Performance Appraisal' outside of confidence and with other employees present." IAF, Tab 9 at 31-32. He did not indicate in his disclosure to his first-level supervisor where or when the alleged conversation took place, what the team leader stated, or who was present to overhear the discussion. *Id.* On review, the appellant provides details regarding his disclosure, alleging the team leader "directly cited the performance appraisal." PFR File, Tab 3 at 17, 19. He also relies on statements provided by the agency in support of its motion to dismiss. *Id.* at 17-18. We consider these statements because they are integral to the appellant's claim, and he has referred to them in his petition for review. *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 n.5 (Fed. Cir. 2020) (stating that, although the Board may not deny jurisdiction by crediting the agency's interpretation of the evidence, "the Board may consider sources such as

'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record'" (citation omitted)).

One of these statements was completed by the appellant's team leader on September 16, 2021, and is addressed to the appellant's first-level supervisor. IAF, Tab 12 at 151-52. The team leader recounted a disagreement with the appellant during which he advised the appellant that his performance had "regressed" since earlier in the month, that he needed to complete previously identified items to be "fully successful at his current employment level," and that he was not "adequately support[ing] the . . . office." *Id.* at 152. A second statement from one of the appellant's coworkers, who overheard some of the conversation, also indicated that the team leader "brought up [the appellant's] overall work performance." *Id.* at 154. It appears that the discussion did not take place behind closed doors. *Id.*

The appellant made his disclosure to his first-level supervisor that "confidentiality is breached" on September 17, 2021. IAF, Tab 9 at 31-32. In evaluating the reasonableness of the appellant's belief that his disclosure evidenced wrongdoing, we look to the context in which he made his disclosures. *See Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶¶ 15, 19-20 (2012) (considering the fact that an agency manager agreed with the appellant's concerns as supporting the conclusion that the appellant nonfrivolously alleged that she disclosed wrongdoing). Any doubt or ambiguity as to whether the appellant made a nonfrivolous allegation of reasonable belief should be resolved in favor of finding jurisdiction. *Id.*, ¶ 18.

Here, resolving any doubt in the appellant's favor, we find that he nonfrivolously alleged that, 1 day before he sent his email expressing concern about a breach of confidentiality to his first-level supervisor, the same supervisor received a statement from the appellant's team leader reflecting that he advised the appellant that his performance was less than satisfactory. IAF, Tab 12 at 151-52. Again resolving any doubt at this stage in the appellant's favor, we

assume that the appellant's first-level supervisor also received a statement from his coworker around the same time reflecting that she overheard some of this discussion. *Id.* at 154. With this background, we find that, although the appellant's disclosure was somewhat terse, his first-level supervisor had sufficient information to flesh out the relevant facts. Therefore, we find that the disclosure, in context, was specific and detailed.

Further, we find that a person in the appellant's position could reasonably believe that discussing his performance in a place where the discussion could be overheard violated the Privacy Act. *See* 5 U.S.C. § 552a(a)(4)-(5), (b) (prohibiting an agency from disclosing information about an individual that is in a group of records retrievable by name or other personal identifier). In light of our finding here, we find it unnecessary to address other pleadings and evidence that the appellant cites on review as supporting his position that this disclosure was protected. PFR File, Tab 3 at 17, 19 (citing IAF, Tab 1 at 20, Tab 8 at 62, Tab 11 at 46-47, 52).

<u>The appellant nonfrivolously alleged that his Privacy Act disclosure was a contributing factor in his termination.</u>

The appellant argues on review that the agency subjected him to a hostile work environment and terminated him in retaliation for the above protected disclosures. IAF, Tab 1 at 34, Tab 9 at 14, 23. In cases involving multiple alleged disclosures or activities and multiple personnel actions, when an appellant makes a nonfrivolous allegation that at least one personnel action was taken in reprisal for at least one alleged protected disclosure or activity, he establishes Board jurisdiction over his IRA appeal. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). As discussed above, we find that the appellant nonfrivolously alleged that he made a protected disclosure concerning a purported Privacy Act violation.

Because she found that the appellant failed to nonfrivolously allege that he made a protected disclosure, the administrative judge did not reach the issue of

whether he nonfrivolously alleged that a disclosure was a contributing factor in a personnel action. ID at 13. Therefore, we have considered these issues here.

As an initial matter, we find that the appellant nonfrivolously alleged that the agency took a personnel action against him. A probationary termination is a personnel action. 5 U.S.C. § 2302(a)(2)(A)(iii); *Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 15 (2006). The record contains the appellant's September 2021 notice of probationary termination, and the agency indicated below that it had terminated the appellant's employment that month. IAF, Tab 1 at 7-10, Tab 12 at 6.

On review, the appellant argues that he proved contributing factor under the knowledge-timing test. PFR File, Tab 3 at 31-32. To satisfy the contributing factor criterion at the jurisdictional stage in an IRA appeal, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15. One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* The Board has held that personnel actions occurring within 1 to 2 years after the protected disclosures are sufficient to meet the timing portion of the test. *Id.* The knowledge portion of the knowledge-timing test can be met with allegations of either actual or constructive knowledge. *Id.* An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

As discussed above, on September 17, 2021, the appellant sent an email to his first-level supervisor alleging that his team leader breached his confidentiality. IAF, Tab 9 at 31-32. The agency's State Conservationist terminated the appellant 12 days later. IAF, Tab 1 at 6-10. The termination letter references the confrontation during which the appellant alleges that his team leader breached confidentiality as a basis for the appellant's termination. IAF, Tab 1 at 8. Further, around the same time as the appellant's disclosure to his first-level supervisor, it appears that his team leader submitted a statement to her about the confrontation, discussed above, indicating that he had raised with the appellant the issue of his performance. IAF, Tab 12 at 151-52. Therefore, although the termination letter does not specifically reflect the involvement of the appellant's first-level supervisor in the termination decision, this information is sufficient to constitute a nonfrivolous allegation that the appellant's supervisor, who was aware of his disclosures, influenced the State Conservationist, who signed his termination letter. Therefore, we remand this appeal for a determination of whether the appellant proved this claim on the merits.

At this time, we do not reach the issue of whether the appellant nonfrivolously alleged that he was, leading up to his termination, subjected to a hostile work environment. Under 5 U.S.C. § 2302(a)(2)(A)(xii), a "significant change in duties, responsibilities or working conditions" is a personnel action. To amount to a "significant change" under section 2302(a)(2)(A)(xii), an agency action must have a significant impact on the overall nature or quality of an employee's working conditions, responsibilities, or duties. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 15. We leave the determination of whether the appellant nonfrivolously alleged he suffered such a significant change, and whether his Privacy Act disclosure contributed to it, for the administrative judge on remand. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 22 (recognizing that the Board's administrative judges are in

the best position to, among other things, develop the record and simplify the issues).

On remand, the administrative judge must first determine whether the appellant nonfrivolously alleged that his Privacy Act disclosure was a contributing factor in a hostile work environment. *See Scmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (holding that the Board may not make findings on the merits of an IRA appeal unless it first determines that it has jurisdiction over the matter). Following that determination, she should hold the appellant's requested hearing on the merits of his claims arising out of his alleged Privacy Act disclosure. IAF, Tab 1 at 2; *see Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (explaining that once an appellant establishes jurisdiction over his IRA appeal he is entitled to a hearing on the merits).

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order. In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.