## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOY A. RINGOLD,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
DE-1221-17-0046-W-1

DATE: September 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Durishan</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Alfred Steinmetz</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to prove contributing factor based on (1) the agency's alleged perception of her as a whistleblower, (2) the content of her disclosures, or (3) by means other than the knowledge/timing test, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-11 Senior Veterans Services Representative in the agency's Phoenix Regional Benefit Office (PRBO).[2] Initial Appeal File (IAF), Tab 1 at 1, Tab 12 at 6. In January 2016, the appellant applied for one of several vacant GS-11 Rating Veterans Service Representative positions within the PBRO, but she was not selected. IAF, Tab 9 at 93, Tab 25 at 76-91, 169-76.

On October 31, 2016, the appellant filed an IRA appeal, alleging that her nonselection was in retaliation for the following disclosures: (1) an August 2013 communication with her U.S. Senator's office regarding military sexual trauma

---

[2] The PRBO is also referred to in the record as the Pheonix Veterans Administration Benefit Office or VARO. Initial Appeal File, Tab 8 at 136, Tab 9 at 11, Tab 10 at 93. For the sake of consistency and simplicity, we will refer to it by the acronym PRBO in this decision.

(MST) issues, which resulted in a meeting among agency officials; (2) August and September 2013 disclosures to her Senator's office and PRBO officials that her supervisors pressured her not to obtain additional information about MST from claimants, despite her understanding of the agency's duty to assist claimants; (3) an October 18, 2013 suggestion that the agency change the notice letters sent to claimants to include information about the relaxed standard and types of evidence in certain MST cases; and (4) a June 8, 2014 complaint to her U.S. Representative's office regarding her concerns about the duty to assist veterans.  IAF, Tab 1 at 17, Tab 8 at 62-63, 72-75, 113-16, 123-25, 140.  The appellant did not request a hearing in her appeal.  IAF, Tab 1 at 2.

The administrative judge issued a close-of-record order in which he found jurisdiction over the appeal as it relates to disclosures (1) and (2).[3]  IAF, Tab 16 at 6-10.  He found that the appellant failed to establish jurisdiction over her remaining two disclosures because, although she exhausted them with the Office of Special Counsel (OSC), she did not nonfrivolously allege that disclosure (3) was protected, and did not nonfrivolously allege that disclosure (4) was a contributing factor in her nonselection.  *Id.* at 9-10.

After the close of the record, the administrative judge issued an initial decision denying the appellant's request for corrective action.  IAF, Tab 21 at 2-3, Tab 32, Initial Decision (ID).  He found that the appellant proved that her disclosures to her Senator and the PRBO were protected, but that she failed to demonstrate that they were a contributing factor in her nonselection because she did not show that any individuals involved in the selection process had actual or constructive knowledge of the disclosures.  ID at 4-10.

---

[3] The administrative judge treated disclosures (1) and (2) as a single disclosure.  IAF, Tab 16 at 8.  To the extent that the administrative judge generally referred in the initial decision and his orders to this combined disclosure as having been made only to the appellant's Senator's staff, we clarify here that the appellant also made the same disclosure to PRBO officials.  IAF, Tab 8 at 113-14.

The appellant has filed a petition for review, contesting the merits determination.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to the petition, and the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant did not prove contributing factor under the knowledge/timing test.

We agree with the administrative judge that the appellant did not prove that disclosures (1) or (2) were contributing factors in her nonselection.  To prevail in an IRA appeal, an appellant must prove by preponderant evidence that her disclosure was a contributing factor in a personnel action.  5 U.S.C. § 1221(e)(1); *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 19.  To prove that a disclosure was a contributing factor in a personnel action, the appellant need only demonstrate that the fact of, or the content of, the disclosure was one of the factors that tended to affect the personnel action in any way.  *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 43.  One way to establish contributing factor is the knowledge/timing test.  *Smith*, 2022 MSPB 4, ¶ 19.  The appellant can satisfy the test by proving that the official taking the action had knowledge of the disclosure, and the action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Id*.  The knowledge portion of the knowledge/timing test can be met by proving either actual or constructive knowledge.  *See Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15 (recognizing that an appellant can meet her burden of nonfrivolously alleging contributing factor at the jurisdictional stage of an IRA appeal under the knowledge/timing test based on a claim of constructive knowledge).

The appellant made disclosures (1) and (2) in August and September 2013.  IAF, Tab 8 at 113-14, 123-26.  The appellant's nonselections occurred in March and April 2016.  IAF, Tab 1 at 6-8, 19-20, Tab 12 at 6, Tab 22 at 11.  The administrative judge found that, because the appellant's nonselections occurred

almost 3 years after her protected disclosure, the timing component of the knowledge/timing test was not satisfied. ID at 8. The Board has held that personnel actions taken within 1 to 2 years of a protected disclosure satisfy the timing prong of the knowledge/timing test, but those that take place more than 2 years after the disclosure are too remote to satisfy this test. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63; *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 21 (2013). The parties do not dispute the administrative judge's determination that the appellant failed to meet the timing prong of the knowledge/timing test, and we discern no basis to disturb that finding.

The appellant argues that she met the knowledge/timing test through other evidence. IAF, Tab 26 at 23-24. Specifically, she submitted statements from two union officials, P.D. and E.F, concerning their interactions with two management officials, M.M. and E.W. It is undisputed that M.M. and E.W. were on the three-member panel that interviewed the appellant for the Rating Veterans Service Representative position and influenced the agency's decision not to select her.[4] According to the union officials' statements, the appellant told M.M. and E.W. that she was a whistleblower, and E.F. told M.M. that the appellant was a whistleblower. However, the administrative judge found that "merely telling someone that you claim to be a whistleblower is insufficient." ID at 10.

While we disagree with the administrative judge's reasoning, we ultimately agree with his conclusion that the appellant did not prove contributing factor

---

[4] In her OSC complaint, the appellant alleged that she became "very concerned and even more nervous" when she "entered the interview room" and learned that M.M. and E.W. were on the panel. IAF, Tab 8 at 49. We find that this statement is sufficient to demonstrate that she exhausted her administrative remedies as to a perceived whistleblower claim. *See Mount v. Department of Homeland Security*, 937 F.3d 37, 48 (1st Cir. 2019) (determining that an appellant proved he raised with OSC his claim that the agency mistakenly believed that he engaged in protected activity by providing OSC with "a sufficient factual basis to put [it] on notice" of the claim); *see also Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (citing *Mount*, along with other cases, in concluding that the substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation).

based on these statements. An individual who is perceived as a whistleblower is still entitled to the protections of the Whistleblower Protection Act, even if she has not made protected disclosures. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011). In such cases, the Board will focus its analysis on the agency's perceptions, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 8. Thus, the fact that the appellant was identified as a whistleblower to certain agency officials, in this case E.W. and M.M., may be sufficient to prove knowledge of her perceived whistleblower status under the knowledge/timing test.

We need not resolve this question here, however. An appellant must prove contributing factor by preponderant evidence. *Smith*, 2022 MSPB 4, ¶ 19. Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q). P.D. and E.F. indicated that they represented the appellant between 2012 and 2016, and 2012 and 2014, respectively. IAF, Tab 26 at 23-24. However, the appellant does not contest, and P.D. and E.F. do not aver, that the conversations with E.W. and M.M. took place within 2 years of the appellant's nonselection.

Based on the evidence in the record, P.D. may be referring to a February 5, 2014 meeting she attended with M.M. and the appellant, when M.M. presented the appellant with a memorandum placing her on administrative leave. IAF, Tab 8 at 136. And E.F. may be recalling his confrontation with M.M. on February 20, 2014, after agency investigators interviewed the appellant regarding her alleged misconduct. IAF, Tab 8 at 57, Tab 27 at 10. Even assuming the appellant had made specific allegations that she was identified as a whistleblower on those dates or during that timeframe, which she has not, she still would not have met her burden of proof as to the knowledge/timing test. The panel that

included M.M. and E.W. did not interview the appellant until March 2016, more than 2 years later. IAF, Tab 23 at 49.

<u>We modify the initial decision to find that the appellant did not prove that the content of her disclosures led to her nonselection.</u>

The administrative judge acknowledged that the appellant asserted that her disclosure led to a February 2014 fact-finding investigation that involved M.M. and E.W., both of whom would later be on the interview panel. ID at 8-9. He concluded that the report that resulted from the fact-finding did not mention the appellant's disclosure or otherwise suggest that the two panel members at issue had knowledge of her disclosure.[5] *Id.* The parties do not dispute these findings, which are supported by the record. IAF, Tab 8 at 51, Tab 27 at 10-13.

Given the nature of the appellant's claims below concerning this fact-finding, we have considered whether she proved contributing factor based on the content of her disclosure. We conclude that she did not. While the administrative judge did not directly address whether the appellant proved contributing factor based on the content of her disclosure, his omission does not change the outcome here. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

To prove contributing factor, an employee is not limited to showing that her status as a whistleblower resulted in a personnel action. *See Marano v. Department of Justice*, 2 F.3d 1137, 1140-43 (Fed. Cir. 1993). She may alternatively prove that her disclosure was a contributing factor in a personnel action because the content of the disclosure led to that action. *Id.* at 1143. For example, in its decision in *Marano, id.* at 1138-39, 1143, the U.S. Court of Appeals for the Federal Circuit concluded that an employee proved contributing

---

[5] An investigation is not a personnel action per se; however, the Board will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to use to retaliate against an employee for whistleblowing. *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 10. Here, the appellant has not alleged that the investigation was pretext for her nonselection. IAF, Tab 8 at 57-58.

factor when his disclosure led to an investigation and the agency reassigned him as a result of its investigative findings.

The appellant has not claimed that the investigation prompted her nonselection. IAF, Tab 8 at 54. Nor can we infer it did. The content of the appellant's disclosure concerned being improperly ordered not to take additional evidence regarding MST during phone calls with veterans, while the fact-finding investigation concerned allegations that the appellant had mishandled veterans' personally identifiable information and improperly secured office space. IAF, Tab 8 at 54, 56-57, 136-37, Tab 27 at 10-13. Therefore, the appellant has not presented evidence linking her disclosure to her nonselection as necessary to prove contributing factor under *Marano*.

<u>We further modify the initial decision to find that the appellant did not prove contributing factor based on other evidence.</u>

The administrative judge acknowledged that an appellant is not limited to proving contributing factor by means of the knowledge/timing test. ID at 8. The Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 15-17 (2012) (finding that the appellant did not demonstrate that her protected disclosure was a contributing factor in her nonselection through the knowledge/timing test, but that the administrative judge erred in not considering whether the appellant proved contributing factor through other evidence). The administrative judge did not directly address whether the appellant proved contributing factor via these types of evidence. Instead, he concluded that the appellant failed to prove contributing factor through means other than the knowledge/timing test because she did not prove that members of

the hiring panel had actual or constructive knowledge of her disclosures. ID at 8-10. Because his analysis was incomplete, we supplement it here.

We look first at the issue of knowledge, which the administrative judge addressed, and which implicates whether the panel members had a motive to retaliate. *See Dorney*, 117 M.S.P.R. 480, ¶ 15 (including the desire or motive to retaliate as a factor relevant to determining if an appellant demonstrated contributing factor through means other than the knowledge/timing test). On review, the appellant argues that, during the proceedings below, the agency stipulated that the panel members knew of her disclosures. PFR File, Tab 1 at 11. She also reasserts her claim that, based on P.D. and E.F.'s statements and her responses to the hiring panel's questions, she proved that panel members had direct knowledge of her disclosure. *Id.* at 11-12.

The appellant bears the burden of proving contributing factor on the merits of her IRA appeal by preponderant evidence. *See Smith*, 2022 MSPB 4, ¶ 19. A party may satisfy her burden to prove a fact by obtaining a stipulation from the opposing party. 5 C.F.R. § 1201.63. Therefore, if the agency stipulated to knowledge, the appellant would not be required to prove it.

The administrative judge held a conference with the parties on the date on which the appellant alleges that the agency made its stipulation. PFR File, Tab 1 at 11; IAF, Tab 30. However, there is no summary of the conference in the record. Similarly, the initial decision does not reference any stipulations. ID. Further, the agency's attorney has disputed the appellant's account, asserting instead that he indicated at the conference that "the [a]gency was not going to challenge the issue of knowledge of the alleged retaliating officials." PFR File, Tab 3 at 4. The appellant has replied that, even absent a stipulation, the agency's statement that it would not challenge the issue of knowledge was an admission. PFR File, Tab 4 at 12.

Both parties' attorneys appear to have been present at the conference in question, have submitted their pleadings on review under penalty of perjury, and

have generally stated that they have personal knowledge of the facts. PFR File, Tab 1 at 3, Tab 4 at 3; IAF, Tab 30 at 2. Because the initial decision lacks any reference to a stipulation, and given the appellant's equivocal statement in her reply, we find that the appellant failed to prove that, more likely than not, such a stipulation took place. *See* 5 C.F.R. § 1201.4(q). A party's decision not to actively contest an issue is not the same as a stipulation, and it does not constitute evidence that could satisfy the opposing party's burden of proof.

The appellant submitted union officials P.D. and E.F.'s statements below, in which they averred that interview panel members E.W. and M.M. knew of the appellant's disclosures. IAF, Tab 26 at 23-24. The union officials made their statements under penalty of perjury. *Id.* The administrative judge found that these statements did not establish that E.W. and M.M. knew of the appellant's disclosure. ID at 9-10. The appellant reasserts that her witnesses attested to knowledge but does not identify any error in the administrative judge's reasoning. PFR File, Tab 1 at 12. As explained below, we discern no basis to disturb the administrative judge's determination.

One witness stated that he attended a meeting in which the appellant "informed [one of the panel members] of her whistleblower status and activities." IAF, Tab 26 at 23. Another witness stated that he "discussed" the appellant's "whistle blower [sic] activity" with one panel member and overheard the appellant informing a second panel member that she was a whistleblower. *Id.* at 24. Sworn statements that are not rebutted are competent evidence of the matters asserted therein. *Truitt v. Department of the Navy*, 45 M.S.P.R. 344, 347 (1990). We agree with the administrative judge that the statements do not establish that members of the hiring panel, at the time they made their nonselection decision, had knowledge of the specific disclosures (disclosures (1) and (2)) at issue here. *See, e.g., Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 27 (2011) (concluding that disclosures made after the agency

took the personnel actions at issue could not have been contributing factors in those actions).

Similarly, to the extent that the appellant argues on review that a statement a panel member made to her evidences knowledge of her disclosure, we disagree. According to the appellant, the panel member in question, E.W., told the appellant, outside of the interview process, that she was "label[ing]" the appellant, "When you help one veteran, you hurt 5 other veterans." IAF, Tab 9 at 54. The administrative judge did not directly address this statement in the initial decision, and the appellant relies on it on review. PFR File, Tab 1 at 15-16. We discern no basis to disturb the initial decision. The appellant has provided no details to explain what led to this statement, and she does not indicate whether it took place before or after her nonselection. IAF, Tab 9 at 54; PFR File, Tab 1 at 15-16.

The appellant also asserts that she "specifically referenced her disclosures and the content of her disclosures when she answered the panel's question regarding customer service." PFR File, Tab 1 at 12. She relies on an email that she sent to OSC, which is in the record below. *Id.* (citing IAF, Tab 9 at 54). However, she did not state in her email to OSC that she advised the panel that her supervisors pressured her not to obtain additional information from MST claimants, the disclosure at issue here. IAF, Tab 9 at 54. Rather, she indicated that she advised them that she was involved in the overhaul of an agency legal manual "and the resultant daily barrage of changes in legal interpretations, applications, and development, was truly a challenge." *Id.* The handwritten notes of the panel members, to the extent that they are legible, similarly lack any reference to the disclosure at issue. IAF, Tab 23 at 49-63. Because the administrative judge properly found that the appellant did not prove that the panel members knew about disclosures (1) and (2) specifically, she has not shown that they had a motive to retaliate against her.

We also find that the agency provided strong evidence supporting its decision not to select the appellant. *See Dorney*, 117 M.S.P.R. 480, ¶ 15. The agency submitted detailed evidence of its interview process, which resulted in the appellant's lower interview score as compared to other candidates. The agency ranked the appellant 13 out of the 17 candidates. IAF, Tab 22 at 12. Along with the panel's interview scores, the agency submitted detailed notes from each panelist regarding every candidate's interview, and the scores were unanimous as to each candidate. IAF, Tab 22 at 12-144, Tab 23 at 4-123. Each interviewer gave the appellant 14 out of a possible 20 points for a total of 42 points. IAF, Tab 22 at 12, Tab 23 at 49-63. The individual ranked directly above her, who was the last individual in rank order that the agency hired under the vacancy announcement, received a total of 45 points on the basis of 15 points out of a possible 20 points from each interviewer. IAF, Tab 22 at 12. The individual with the highest rank received 57 total points on the basis of 19 points out of a possible 20 points from each interviewer. *Id*.

The appellant disagrees with the agency's scoring of her interview responses and takes issue with the fact that the panel members reached a consensus on each interviewee's scores. PFR File, Tab 1 at 14-15. To the extent that she is arguing that the agency's scoring proves that the evidence in support of the agency's nonselection decision was weak, we are not persuaded. *See Dorney*, 117 M.S.P.R. 480, ¶ 15. The appellant received all five possible points from all three interviewers for "creative thinking," and all three panelists awarded her only two out of five points for "flexibility and adaptability" when she discussed how she overcame the obstacle of achieving quality results when the agency was undergoing an organizational transformation.[6] IAF, Tab 23 at 51, 53, 56, 58, 61, 63. She otherwise received four points from each interviewer for her

---

[6] According to the appellant, as a result of the transformation, the agency required minimum levels of production each day, as well as monthly online and in-person training classes and team meetings, and required that employees work well with each other. IAF, Tab 25 at 85-86.

"personal mastery" and three points for "customer service." *Id*. at 50, 52, 55, 57, 60, 62. While the appellant may disagree with the rating of her responses or the panel's methodology, we discern nothing suspect in the scoring process.

In sum, the appellant has not established that any members of the hiring panel had a motive to retaliate against her, and the agency presented strong evidence in support of her nonselection. Further, the appellant has not alleged that her disclosures were directed at any hiring panel members. Accordingly, as modified to find that the appellant did not prove contributing factor based on her alleged perceived whistleblower status, the content of her disclosures, or by means other than the knowledge/timing test, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.