# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCUS MILTON,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-22-0584-W-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: February 28, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Heather White, Esquire, Alysa Williams, Esquire, and Kathryn Black,
　　Esquire, Washington, D.C., for the appellant.

Mickel-Ange Eveillard, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
denied his request for corrective action in this individual right of action (IRA)

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appeal. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision to the extent it found that the appellant did not prove that he made protected disclosures under 5 U.S.C. § 2302(b)(8). However, we VACATE the administrative judge's finding that the appellant did not prove that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), but still DENY the appellant's request for corrective action.

## BACKGROUND

The appellant is a Registered Nurse at the Long Beach VA Medical Center. Initial Appeal File (IAF), Tab 1 at 1, Tab 36 at 382. On March 14, 2022, the appellant sent an email to several agency executives and employees titled "Racism and deplorable conditions in the Long Beach VA ER [Emergency Department (ED)]," with an attached letter signed by the appellant and three other Black employees discussing their concerns about a lack of diversity in staffing in the ED and a "systemic culture" of racism, retaliation, and retribution driven by ED manager Sailor. IAF, Tab 1 at 18, 31-34. The appellant sent a follow-up letter the next day with additional complaints, "on behalf of the Black staff supervised" by Sailor. *Id.* at 17. The agency subsequently assigned a single factfinder to look into the matter, but, after initial investigation, the Medical Center Director authorized an Administrative Investigations Board (AIB) to conduct a "broader investigation" into allegations of a hostile work environment in the ED due to "the large scope and complexity of the issues." IAF, Tab 28 at 51, 58, Tab 35 at 56, Tab 41 at 4-6.

The AIB panel interviewed the appellant on May 16, 2022, and the appellant testified, among other things, that the culture of the ED was "segregated, racist, volatile" and cliquish, and that he believed he had an unfounded reputation of being loud or inappropriate with patients fostered primarily by white women. IAF, Tab 36 at 383, 400. In the morning on May 19, 2022, the AIB notified agency leadership that, after interviewing several ED staff

members, there had been "numerous credible, serious allegations" of the appellant's "repeated inappropriate, offensive behavior towards patients" as well as ED staff and that it was going to interview the appellant a second time about these allegations. IAF, Tab 28 at 18-19. The AIB stated that a "vast majority of staff reporting incidents fear retaliation and being labeled racist for coming forward," and that it was "conceivable" that the appellant could identify those who testified against him, and it thus recommended that the appellant be immediately detailed outside of the ED area and "not engage in further patient care" until the allegations could be investigated. *Id.* at 19. The AIB interviewed the appellant a second time that afternoon and, immediately following his interview, the agency placed him on administrative leave until May 25, 2022, and then detailed him out of the ED. IAF, Tab 1 at 35, Tab 36 at 444-91, Tab 41 at 6. The AIB eventually issued a report on September 12, 2022, concluding that the ED does not have a culture of racism and/or discrimination, but that there is an unhealthy work environment and culture of fear that Sailor, the appellant, and two other individuals were "most responsible for," and recommending, among several things, that the appellant be "immediately removed from his position in the [ED] and that subsequent disciplinary action be pursued up to potential termination." IAF, Tab 35 at 64-88.

On June 16, 2022, before the report was issued, the appellant filed a complaint with the Office of Special Counsel (OSC) repeating many of the claims he made in his emails to the agency and before the AIB, discussing an Equal Employment Opportunity (EEO) complaint he filed against Sailor, and claiming that he was being detailed because of his testimony to the AIB, with a pay cut and no explanation of the accusations. IAF, Tab 1 at 20-30. On July 8, 2022, OSC closed out the appellant's case and informed him of how to file an IRA appeal with the Board. IAF, Tab 5. The instant, timely Board appeal followed. IAF, Tab 1. During the prehearing process, the administrative judge issued an order finding that the appellant nonfrivolously alleged that he made two specific

protected disclosures under 5 U.S.C. § 2302(b)(8) and engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), and that the alleged protected disclosures and activity were a contributing factor in a personnel action as defined by 5 U.S.C. § 2302(a)(2), and thus that the Board had jurisdiction over his appeal. IAF, Tab 10. The administrative judge explicitly found that the appellant did not establish jurisdiction over any remaining alleged protected disclosures, including his allegations that the agency retaliated against him for engaging in protected EEO activity and for alleging that his workplace was permeated with racism. *Id.* at 7-8. The appellant later withdrew his request for a hearing and the administrative judge subsequently issued an initial decision based on the written submissions, denying corrective action. IAF, Tab 48, Initial Decision (ID) at 1-2.

In the initial decision, the administrative judge first concluded that the appellant did not prove by preponderant evidence that he made protected disclosures under 5 U.S.C. § 2302(b)(8). ID at 10-14. The administrative judge explained that disclosure 1 concerned the appellant's reports of Sailor's bullying and harassment in his emails to management on March 14-15, 2022, and that disclosure 2 concerned the appellant's reporting that Sailor failed to investigate an employee's complaint that a male nurse touched her in an inappropriate and threatening manner in his emails to management on March 14-15, 2022. ID at 12-13; *see also* IAF, Tab 10 at 4. The administrative judge found that the appellant did not prove that he disclosed an abuse of authority or that he reasonably believed that he was reporting a violation of a law, rule or regulation, respectively. ID at 12-14. The administrative judge also concluded that the appellant did not prove that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when he testified before the AIB because the appellant's testimony was entirely focused on racism as part of the general hospital culture and his allegation that Sailor retaliated against him for filing an EEO complaint. ID at 14-15. The administrative judge noted that she did not find any "clear legal

authority" to support a conclusion that such testimony is independently protected under § 2302(b)(9)(C). ID at 15. The administrative judge thus concluded that the appellant did not prove by preponderant evidence that he made a protected disclosure or otherwise engaged in protected activity authorized by statute, and she therefore denied corrective action. ID at 15-16.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, he argues that he made several non-EEO protected disclosures to the AIB, that his testimony before the AIB was protected activity, that he suffered a covered personnel action, and that he proved that his alleged protected disclosures and activity were a contributing factor in his detail. *Id.* The agency filed a response, and the appellant filed a reply. PFR File, Tabs 3, 4. OSC filed an amicus brief offering its views on the protected activity issue, urging the Board to grant the appellant's petition for review and find that the administrative judge erred in analyzing the content of the appellant's testimony to the AIB instead of focusing on the protected activity of his cooperation with the AIB. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The parties have not disputed the administrative judge's finding of Board jurisdiction, and we see no reason to disturb it. IAF, Tab 10; ID at 1. To prevail on the merits of an IRA appeal, an appellant must meet his initial burden of proving by preponderant evidence that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i),[2] (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 8. If the appellant makes out a prima

---

[2] Under 5 U.S.C. § 2302(b)(9)(A)(i), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]."

facie case, then the agency is given an opportunity to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).

<u>The administrative judge correctly found that the appellant did not prove that he made protected disclosures under 5 U.S.C. § 2302(b)(8).</u>

On review, the appellant briefly reasserts that disclosures 1 and 2, regarding his March 2022 emails to agency management disclosing racist staffing decisions and the physical assault of an employee, are protected disclosures. PFR File, Tab 1 at 24-25. To establish that he made a protected disclosure, the appellant must demonstrate by preponderant evidence that he disclosed information that he reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial or specific danger to public health or safety. 5 U.S.C. § 2308(b)(8); *Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 13 (2013). In the initial decision, the administrative judge thoroughly explained that she found these communications not protected under 5 U.S.C. § 2302(b)(8) because, among other things, the appellant did not show that he reasonably believed particular examples of Sailor's alleged bullying evidenced an abuse of authority, and because he did not reasonably believe he was reporting a violation of law, rule, or regulation in alleging that Sailor failed to investigate a physical assault in the workplace. ID at 12-14. In his petition, the appellant does not claim that the administrative judge erred in her analysis; he instead simply reasserts his arguments from below. PFR File, Tab 1 at 20, 24-25. We thus see no reason to disturb the administrative judge's findings. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (arguments that constitute mere disagreement with the initial decision do not provide a basis to grant the petition for review); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole,

drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The appellant also alleges for the first time on review that he made several protected disclosures in his testimony to the AIB. PFR File, Tab 1 at 18-24. For example, he claims that he disclosed to the AIB that two ED nurses demanded he illegally chart for a patient he did not treat, which would have resulted in a potential violation of the Emergency Medical Treatment and Labor Act, *id.* at 20-22, and that he disclosed that a doctor was being denied her statutorily required military leave, *id.* at 23-24. However, the appellant did not raise these alleged disclosures below before the administrative judge, despite being given an explicit opportunity to do so. IAF, Tab 7 at 9-14, Tab 10 at 4-5, Tab 13 at 2, Tab 43 at 35-37. Additionally, the appellant has not shown that he exhausted any of these matters with OSC. ID at 10-11; IAF, Tab 1 at 20-30, Tab 5. Therefore, we decline to consider these claims on review. *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (finding that the Board's jurisdiction over an IRA appeal is limited to matters an appellant raised with OSC (citation omitted)); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that an argument raised for the first time in a petition for review will not be considered absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

The administrative judge erroneously concluded that the appellant did not prove that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).

Although we agree that the appellant failed to meet his burden concerning his alleged protected disclosures under 5 U.S.C. § 2302(b)(8), we find that the appellant did indeed meet his burden of showing that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). Specifically, under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity by "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the

Special Counsel, in accordance with applicable provisions of law[.]" As discussed above, here, the appellant cooperated with and disclosed information to the AIB. However, in the initial decision, the administrative judge concluded that the appellant's appearance before the AIB was not protected activity under section 2302(b)(9)(C) because the appellant's AIB testimony "was focused entirely on racism" in the ED and as a part of the general hospital culture, and was thus outside the Board's jurisdiction in the context of an IRA appeal. ID at 15. She noted that she found "no clear legal authority to support a conclusion that the sort of AIB testimony at issue in this IRA appeal is independently protected under § 2302(b)(9)(C)." ID at 15.

We disagree. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), "any disclosure of information to OIG or OSC is protected *regardless of its content* as long as such disclosure is made in accordance with applicable provisions of law." *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (emphasis added). The nature, or the content, of the disclosures to OIG or OSC may be relevant at the merits stage of an IRA appeal, when the appellant must prove the contributing factor element by preponderant evidence and the agency must defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *Id.*, n.1. The fact that the appellant's testimony before the AIB implicated the protections of Title VII does not preclude coverage under section 2302(b)(9)(C). *Reese v. Department of the Navy*, 2025 MSPB 1, ¶ 46.

We thus turn to the question of whether the AIB constituted "any other component responsible for internal investigation or review." 5 U.S.C. § 2302(b)(9)(C). In *Reese*, the Board clarified that the key question in determining whether activity is protected under section 2302(b)(9)(C) is whether an appellant's activity was directed to a covered investigatory entity. *Reese*, 2025 MSPB 1, ¶ 48. The Board found that agency components as described in section 2302(b)(9)(C) should have similar attributes and functions to those of the Offices of

Inspector General, although such attributes may vary from agency to agency. *Id.*, ¶ 50. In general, such components will have a degree of independence and objectivity, as well as the authority to investigate or review by taking testimony, collecting evidence, and making findings and recommendations. *Id.* The Board determined that the statutory language's reference to "any" component is broad enough to encompass not just permanent agency components but also ad hoc internal investigations or reviews conducted pursuant to an established agency procedure. *Id.*, ¶ 51.

Applying these principles, we find that the AIB is undoubtedly a "component responsible for internal investigation or review" under 5 U.S.C. § 2302(b)(9)(C). As discussed above, the plain language of the statute provides that an appellant need only "cooperat[e] with" or "disclos[e] information to" such an entity for it to be covered as protected activity. 5 U.S.C. § 2302(b)(9)(C); *see also Fisher*, 2023 MSPB 11, ¶ 8. Therefore, the appellant's cooperation with the AIB is protected activity regardless of the content of that cooperation. Consequently, we find that the appellant proved by preponderant evidence that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), and we vacate the administrative judge's finding to the contrary.

The appellant did not prove by preponderant evidence that his AIB testimony was a contributing factor in the agency's decision to detail him.

Having found that the appellant proved by preponderant evidence that his testimony to the AIB was protected activity, we turn to the question of whether he proved that this protected activity was a contributing factor in the agency's decision to detail him.[3] To prove that a protected disclosure or activity was a contributing factor in a personnel action, the appellant need only demonstrate that the fact of, or the content of, the disclosure or activity was one of the factors that tended to affect the personnel action in any way. *See Covington v. Department of*

---

[3] Under 5 U.S.C. § 2302(a)(2)(A)(iv), a "personnel action" includes "a detail, transfer, or reassignment."

*the Interior*, 2023 MSPB 5, ¶ 43. One way to establish contributing factor is the knowledge/timing test. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 19. The appellant can satisfy the test by proving that the official taking the action had actual or constructive knowledge of the disclosure or activity, and the action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.* The knowledge portion of the knowledge/timing test can be met with allegations of either actual or constructive knowledge. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15. However, the knowledge/timing test is not the only way to prove contributing factor. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The Board will also consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

Here, the appellant alleges that his AIB testimony was a contributing factor in the agency's decision to detail him. IAF, Tab 7 at 15; PFR File, Tab 1 at 25-26. In particular, he claims that he was "told that he was being detailed out of the ED because of his own [AIB] testimony, not that of other witnesses." PFR File, Tab 1 at 26; *see also* IAF, Tab 1 at 21. We are not convinced. As noted above, the AIB recommended detailing the appellant out of the ED *before* he testified to the AIB a second time. *See* IAF, 28 at 18-19. Although the AIB may have been convened in response to the appellant's March 2022 emails, and even though it interviewed the appellant on May 16, 2022 in regard to those March 2022 allegations, the AIB's May 19, 2022 email to agency management recommending that the appellant be detailed out of the ED clearly explained that its recommendation was due to other employee allegations against the appellant discovered in the course of its investigation. *See id.* Specifically, the AIB stated it had received "numerous credible, serious allegations concerning [the

appellant's] inappropriate behavior towards patients and staff," and it discussed several allegations including that the appellant had failed to communicate patients' worsening conditions and delayed in following doctors' orders, used profanity in front of patients, and called employees "white bitches." *Id.* The AIB's recommendation email does not mention the appellant's first AIB testimony. *Id.* Furthermore, the appellant acknowledges in his complaint to OSC that the agency notified him prior to his second AIB interview that it was going to detail him from the ED. IAF, Tab 1 at 21.

Additionally, both the Medical Center Director and the Deputy Associate Director for Patient Care Services, who chartered the AIB, declared in affidavits that detailing an employee who is the subject of an investigation is standard practice to protect the integrity of the investigation. IAF, Tab 41 at 4-13. Both of these officials discussed that the AIB recommended detailing the appellant due to patient safety concerns and concerns of inappropriate behavior towards other staff, which we find are very serious issues requiring immediate action on the party of the agency. *Id.* at 6, 11; *see also* IAF, Tab 28 at 63-91. To this end, the AIB pointed out that it was "conceivable" the appellant could identify those who testified against him, so he needed to be removed from the proximity of the ED, which seems reasonable. IAF, Tab 28 at 19. The Medical Center Director acknowledged that he supported the AIB's recommendation to detail the appellant since the AIB was "in the best position to make that recommendation based on the evidence." *Id.* at 6. And with regard to the AIB, both Directors declared in their affidavits that the AIB was a neutral, unbiased panel. IAF, Tab 41 at 7, 10. Furthermore, the allegations in the appellant's March 2022 emails and his May 16, 2022 AIB testimony centered around other agency employees—primarily ED supervisor Sailor—and not the members of the AIB panel, which was only convened after the appellant made his first allegations of a racist and retaliatory culture within the ED. *See* IAF, Tab 1 at 31.

Consequently, considering all of the evidence, we find that the appellant has not proven that his protected activity—his testimony to the AIB—was a contributing factor in the agency's decision to detail him. Because we find that the appellant failed to establish a prima facie case of whistleblower reprisal, it is thus unnecessary to proceed to the clear and convincing test. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016).

We deny the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.